UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-CV-88-JSD |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Janice J. Bailey ("Bailey") for Supplemental Security Income Benefits ("SSI") under Title XVI, 42 U.S.C. §§ 1381-1385, of the Social Security Act. For the reasons stated herein, the Court affirms the Social Security Administration's denial of Bailey's claim for SSI benefits.

**I.      Background**

On August 27, 2020, Bailey applied for SSI benefits, alleging a disability onset date of June 9, 2016, which was later amended to September 1, 2020. (Tr. 13, 39, 98, 231-36). In her Disability Report, Bailey alleged she could not work because of heart disease, asthma, chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder ("PTSD"), depression, anxiety, bipolar disorder, chronic migraines, and borderline diabetes. (Tr. 258). The state agency initially denied her claims on October 16, 2020 (Tr. 84-98, 128-32), and on reconsideration on

---

[1] Martin O'Malley is now the Commissioner of Social Security.  He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

March 15, 2021 (Tr. 99-122, 136-41).  On November 2, 2021, Bailey received a hearing before an

Administrative Law Judge ("ALJ"). (Tr. 31-63, 142-44).

On February 2, 2022, the ALJ entered a decision adverse to Bailey, finding she was not

entitled to SSI benefits.  (Tr. 10). The ALJ found Bailey had the severe impairments of status post

remote coarticulation of the aorta with balloon angioplasty and stent replacement; major

depressive disorder/bipolar disorder; generalized anxiety disorder; PTSD; obesity; status post

sleeve gastrectomy; and asthma/COPD.  (Tr. 16).  The ALJ found that Bailey did not have an

impairment or combination listed in or medically equal to one contained in 20 C.F.R. part 404,

subpart P,  appendix 1. (Tr. 17-19).  However, the ALJ found that Bailey retained the residual

functional capacity ("RFC") to perform light work with the following limitations:

> [Bailey] can occasionally climb ladders, ropes, or scaffolds and can frequently
> climb ramps and stairs. She can engage in frequent stooping. She cannot work at
> unprotected heights or around moving mechanical parts or other such hazards. She
> can have no concentrated exposure to extreme heat, cold, humidity, wetness, dust,
> fumes or other pulmonary irritants such as toxic or caustic chemicals. [Bailey] can
> maintain the concentration required to perform simple routine tasks, remember
> work procedures, and make simple work-related decisions. She cannot work at a
> fast pace such as an assembly line but can stay on task and meet reasonable
> production requirements in an environment that allows her to maintain a flexible
> and goal-oriented pace.  She is further limited to work that requires only occasional
> changes in the work setting which are introduced gradually. [Bailey] can have
> occasional interaction with co-workers, supervisors, but no interaction with the
> public.

(Tr. 19-23). The ALJ considered the testimony of the vocational expert and determined that Bailey

could perform jobs that exist in significant numbers in the national economy. (Tr. 24). In

consideration of the following, the ALJ found that Bailey was not disabled from September 1,

2020 (Bailey's amended alleged onset date) through February 2, 2022 (the date of the decision).

(Tr. 25).

On March 3, 2022, Bailey filed a Request for Review of Hearing. (Tr. 228-29). On November 10, 2022, the Appeals Council affirmed the ALJ's decision. (Tr. 1). The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Bailey filed this appeal on December 12, 2022. (ECF No. 1). On June 12, 2023, Bailey filed a Brief in Support of her Complaint. (ECF No. 18). The Commissioner filed a Brief in Support of the Answer on August 17, 2023. (ECF No. 23).

As to Bailey's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II.      Legal Standard

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of

3

impairments that significantly limits his or her ability to perform basic work activities and meets

the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must

establish that his or her impairment meets or equals an impairment listed in the appendix of the

applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet

or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant

work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing

past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis

proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant

maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,*

222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step

evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

**III.    Discussion**

A.    **The  RFC and the ALJ's Decision is Supported by Substantial Evidence**

Bailey argues that the ALJ's decision is not supported by substantial evidence. (ECF No.

18 at 3).  Specifically, Bailey contends that the ALJ did not properly consider the medical opinions

in this case in accordance with 20 C.F.R. § 416.920c for cases filed on or after March 27, 2017.

(ECF No. 18 at 4).[2] Bailey provided the ALJ with two different medical opinions from psychiatric

nurse practitioners: Catherine Browning at the Arthur Center (Tr. 364, 560-64) and Carol

Greening, under the direction of Dr. David Goldman at Mark Twain Behavioral Health (Tr. 600,

717-21).  At the hearing before the ALJ, Stacey Beaver, a community support specialist, who

---

[2] The Court notes that Bailey did not dispute the ALJ's analysis of her physical impairments, her
subjective complaints, or the State-agency consultants' prior administrative findings. (Tr. 16-23).
Thus, the Court only addresses Bailey's mental impairments.

worked with Nurse Greening at Mark Behavioral Health, also testified on Bailey's behalf.  (Tr. 53-56). Bailey asserts that the ALJ "operated under the mistaken conclusion that Ms. Greening's opinion dated October 13, 2021 was that of [Bailey's] first psychiatrist nurse practitioner, Catherine Browning." (ECF No. 18 at 4). Bailey claims that the ALJ could not have appropriately weighted the "medical opinion evidence of treating psychiatrist nurse practitioner Carol Greening if the ALJ was under the mistaken assumption that this opinion was a second opinion from Nurse Practitioner Browning." (ECF No. 18 at 6).  Indeed, Bailey claims the ALJ could not have "properly evaluate[d] the evidence under the regulations with regard to the consistency factor if she was not able to acknowledge that there were two separate medical opinions from two separate treating psychiatric nurse practitioners." (*Id.*) The "consistency" factor for evaluating the persuasiveness of a medical opinion is set forth as follows: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). Bailey claims that "[i]f Nurse Practitioner Greening's medical opinion had been acknowledged as a separate opinion, this would have been another piece of evidence that was consistent with the separate medical source opinions from Nurse Practitioner Browning and Nurse Practitioner Greening." (ECF No. 18 at 7). Likewise, Bailey claims that the testimony of Stacey Beaver was "consistent with the separate medical source opinions of Nurse Practitioner Browning and Nurse Practitioner Greening." (ECF No. 18 at 7).

In response, the Commissioner argues that the ALJ thoroughly considered the entire record and fashioned the RFC based upon the restrictions she found consistent with the evidence. (Tr. 19-

5

23). The ALJ accounted for Bailey's work-related mental limitations by limiting her to a significantly reduced range of unskilled work.

The Court finds that the ALJ's opinion is supported by substantial evidence. "The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

Under the regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."20 C.F.R. § 404.1520c(a). Rather, when evaluating the persuasiveness of medical opinions and prior administrative medical findings, ALJs look at the supportability and consistency of those findings. *Id.* "An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The Commissioner may also assign 'little weight' to a treating physician's opinion when it is either internally inconsistent or

conclusory." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Chesser v. Berryhill*, 858 F.3d 1161, 1164-65 (8th Cir. 2017)).

Contrary to Bailey's argument, the evidence before the Court demonstrates that the ALJ considered, evaluated, and incorporated Bailey's testimonial and medical evidence when fashioning her RFC. The ALJ described the testimony of Bailey and her community support specialist Stacey Beaver at the November 2021 administrative hearing. (Tr. 20). Bailey emphasized her mental health issues, including difficulty being around people or loud noises, difficulty concentrating, crying spells, and anxiety.

Upon evaluation, the ALJ discerned that hearing testimony and Bailey's claims of disability did not reflect the magnitude of her symptoms presented to her medical care providers. The ALJ properly found that the "infrequent alterations to the claimant's psychotropic polypharmacy suggest that the same rendered adequate relief of [Bailey's] symptoms; indeed, [Bailey] reported that her medications helped." (Tr. 21, 495, 548, 568, 611, 625). Bailey also completed a Function Report in September 2020, where she indicated she did not need reminders to complete personal care to tasks or to take her medication, and that she could follow instructions well. (Tr. 17, 289, 292). Bailey claimed that she sometimes forgot appointments, but her providers routinely noted her functioning memory. (Tr. 17-18, 291, 591, 601-02, 729, 735, 755). The ALJ further noted that Bailey's regular attendance at appointments supports a finding that she was able to sustain an ordinary routine. (Tr. 18).

Bailey maintained that she is isolated, but she reported in her Functional Report that she did not have trouble getting along with others. (Tr. 18, 291). Bailey presented as cooperative and provided an appropriate level of eye contact and concentration. (Tr. 18, 493, 532, 535, 549, 591, 602, 755; *see also* Tr. 425, 432, 537, 590, 601). Bailey was capable of responding to questions

7

and providing information about her health, as well as employment and personal history, at her medical appointments and administrative hearing. (Tr. 18, 42-53, 492, 548, 586-87).

The ALJ considered some citations in the record of abnormal affect and moods, which could be indicative that Baily had difficulty managing psychologically based symptoms. (Tr. 18, 493-94, 549-50, 587, 622). However, the ALJ emphasized that Bailey could function independently and cared for her two children by herself.  (Tr. 18, 287-88, 593-98). Also, the record did not indicate that Bailey was unable to manage her personal hygiene and safety. (Tr. 18, 288, 598).

The ALJ considered the testimony of Stacy Beaver, Bailey's community support specialist. (Tr. 20, 53-57). The ALJ found that Bailey's and Ms. Beaver's testimony regarding the intensity, persistence, and limiting effects of Bailey's mental symptoms were inconsistent with much of the medical and other evidence in the record. The ALJ relied upon Bailey's mild subjective and objective presentation. (Tr. 21). The ALJ further noted that Bailey reported low energy, agitation, mood changes, and difficulty focusing, but that Bailey presented with average eye contact, normal cognition, and fair or normal insight and judgment. (Tr. 21, 494-94, 548-50, 565-66, 586, 589-91, 622-23, 674, 729, 744). Bailey's medical providers rarely altered her psychotropic medications based upon the adequate relief of her symptoms. (Tr. 21, 495, 458, 551, 568, 625, 630).

The ALJ further considered the October 3, 2020 findings of non-examining State Agency psychological consultant, Marc Maddox, Ph.D. and the March 4, 2021 report of non-examining State agency psychological consultant Marsha Toll, Psy. D., who found that Bailey could perform unskilled work with mental limitations. (Tr. 22). Maddox and Toll found Bailey needed a setting without direct supervision or frequent interactions with coworkers and the public and that she was capable of adapting to changes that were predictable and introduced gradually. (Tr. 22-23, 95,

117). The ALJ found these non-examining reports partially persuasive because they were consistent with and supported by the medical evidence and other evidence, including clinical findings of treatment providers. (Tr. 22-23, 85-95, 101-118); *see also Hazel S. v. Kijakazi*, No. 4:22 CV 172 JMB, 2023 WL 4263170, at *7 (E.D. Mo. June 29, 2023) ("courts have held that ALJs can find prior administrative findings (PAMFs) … more persuasive than other opinions"). Nevertheless, the ALJ included additional mental limitations, other than those recommended by Dr. Maddox and Dr. Toll, to accommodate Bailey's subjective reports regarding her mental limitations to the greatest extent possible. (Tr. 19, 22-23, 90, 94-95, 108).

In consideration of Bailey's well-documented, adequately controlled mental status, but also cognizant of Bailey's claims of mental limitations and Ms. Beaver's testimony, the ALJ included additional mental limitations in the RFC. *See* Tr. 19 (including several mental limitations). The Court finds these restrictions are in keeping with the record as a whole and adequately accounted for her restrictions and capabilities. The Court holds that the record supports a finding that Bailey was not disabled due to her mental impairments, given the evidence of effective treatments and lack of disabling symptoms. *See Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (quoting *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004)("'If an impairment can be controlled by treatment or medication, it cannot be considered disabling.'"). The Court holds that the ALJ's RFC determination is supported "by substantial evidence on the record as a whole." *Buford v. Colvin*, 824 F.3d 793, 795 (8th Cir. 2016) (citing *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011); *Harris v. Barnhart*, 356 F.3d 926, 928 (8th Cir. 2004)). The Court finds the record supports the ALJ's mental RFC findings. *See Winship v. Saul*, No. 4:20-CV-00039-MDH, 2021 WL 1055196, at *3 (W.D. Mo. Mar. 19, 2021) ("ALJs are instead tasked with reviewing and considering the

9

record taken as a whole, resolving any inconsistencies, and formulating an RFC finding that reflects Plaintiff's functional abilities.").

Thus, the only real issue before the Court is whether the RFC was adequately supported and consistent with the record, given that the ALJ's attributed two opinions to Catherine Browning, PMHNP (Tr. 23, 560-64, 717-721), when one of the opinions was authored by Nurse Browning in April 2021 and the other opinion was authored by Carol Greening, APN, in October 2021. (Tr. 24, 560-64, 717-21); *see* 20 C.F.R. §§ 404.1527(c), 404.927(c) (listing supportability and consistency as factors to consider in determining the weight to give an opinion). The RFC forms completed by Nurse Browning and Nurse Green included identical checkbox opinions. (Tr. 23, 560-564, 717-21). Both nurses opined that Bailey was precluded "from performing all mental work activities from between 10 and 20 percent of an eight-hour workday" and that Bailey "would miss two or more days of work per month." (*Id.*). Bailey complains that the ALJ could not have properly evaluated the medical opinion evidence of Nurse Greening if the ALJ was under the mistaken assumption that this opinion was a second opinion from Nurse Browning. (ECF No. 18 at 6). Accordingly, Bailey claims the ALJ cannot meet the consistency requirement for an opinion. *See* 20 C.F.R. § 416.920c(c)(2).

The ALJ determined that the RFC forms, which opined Bailey suffered from the most severe mental limitations, were not persuasive because they were not supported by treatment notes and were inconsistent with the record. As previously detailed, Bailey reported largely mild symptoms, good presentation, and well-controlled and unaltered psychotropic medications. (Tr. 23, 492-95, 548-51, 560-69, 586-87, 612, 622-23, 626, 674, 717-21, 729, 735, 744). The ALJ extensively analyzed these findings and found the nurses' opinions to be unpersuasive for the same reasoning. The Court finds that, although the ALJ mistakenly attributed both of these opinions to

Nurse Browning, the ALJ's reasoning for discounting them applied equally to both opinions (Tr. 23) and the ALJ's mistake had no bearing on the consistency and supportability of the decision. *See also Burns v. Saul*, No. C18-72-LTS, 2020 WL 13548685, at *5 (N.D. Iowa Jan. 10, 2020)("As a general matter, RFC opinions in which a source merely checks boxes or circles answers without citing medical evidence "possess 'little evidentiary value.'")(citing *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (quoting *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)); *see also Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012)).

Ultimately, the Court finds that the evidence did not show a reasonable probability that it would change the outcome of the decision. To show an error was not harmless, Bailey must provide some indication that the ALJ would have decided differently if the error had not occurred. *See Van Vickle v. Astrue,* 539 F.3d 825, 830 (8th Cir.2008) ("There is no indication that the ALJ would have decided differently ... and any error by the ALJ was therefore harmless."). "Even if the ALJ had not erred, there is no indication that the ALJ would have decided differently." *Byes v. Astrue,* 687 F.3d 913, 917 (8th Cir. 2012).

In sum, the Court finds that substantial evidence supports the ALJ's finding.  "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Wiese v. Astrue,* 552 F.3d 728, 730 (8th Cir.2009); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Here there was voluminous evidence documenting Bailey's symptoms and impairments, which supported the ALJ's decision that Bailey was not disabled.  The ALJ's determination fell within the zone of choice, which this Court will not disturb. *See Winship*, 2021 WL 1055196, at *2 (citing *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) ("Courts 'defer heavily to the findings and conclusions of the Social Security

11

Administration' and will disturb the Commissioner's decision only if it falls outside the 'zone of choice.'").

**IV.**         **Conclusion**

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **AFFIRMED**.  A separate Judgment will accompany this Order.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Martin O'Malley, Commissioner of Social Security,  is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE


Dated this 5th day of March, 2024.